**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CRIMINAL CASE NO.  2:09-88-DLB

UNITED STATES OF AMERICA                                                                         PLAINTIFF

v.

STEVEN D. LOWE                                                                                          DEFENDANT

* * * * * * * * * * * * * * *

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

CRIMINAL CASE NO. 14-93-DLB

UNITED STATES OF AMERICA                                                                         PLAINTIFF

v.

STEVEN D. LOWE                                                                                          DEFENDANT

* * * * * * * * * * * * * * *

**REPORT AND RECOMMENDATION**

On April 18, 2017, this matter came before the Court for a Final Revocation Hearing on the U.S. Probation Office's Report and Addendum to Supervised Release Violation Report that Defendant Steven D. Lowe had violated conditions of his supervised release in both of the above cases.  Defendant was present in Court and represented by Timothy E. Schneider, and the Government was represented by Assistant U.S. Attorney (AUSA) Anthony J. Bracke.  The proceeding was electronically recorded and is contained in the Court's audio file at

KYED-COV__2-09-cr-88 & 5-14-cr-93_20170418_140336; the official record of this proceeding was certified by Kati Bramble, Deputy Clerk.

Upon call of this matter at the Final Revocation Hearing on Supervised Release Violations, the parties informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to plead guilty to Violations 2 and 3 as set forth in the March 7, 2017, Violation Report. In addition, Defendant agreed to waive allocution and his right to appeal any sentence ultimately imposed by presiding District Judge Bunning to the extent that said sentence is consistent with the undersigned's Report and Recommendation. In exchange, the Government agreed to move to dismiss Violation 1, and recommend a sentence of 15 months of imprisonment with 5 years of supervision to follow in case number 2:09-cr-88 and 3 years of supervision, less the term of incarceration, to follow in case number 5:14-cr-93, to run concurrently for a total of 5 years of supervised release. The parties also agreed that immediately upon release, Defendant shall be placed in a 90-day inpatient treatment program followed by placement in a halfway house for 120 days. Lastly, the parties agreed that Defendant shall be permitted to self surrender in two weeks. For the reasons that follow, the parties' agreement is an appropriate disposition of this matter, and therefore it will be **recommended** that Defendant's **supervised release be revoked** and that he be **sentenced to a concurrent 15-month term of imprisonment in both case numbers 2:09-cr-88 and 5:14-cr-93, for a total term of imprisonment of 15 months, with a 5-year term of supervised release to follow in case number 2:09-cr-88 and a 21-month concurrent term of supervised release to follow in case number 5:14-cr-93, for a total term of supervision of 5 years. In addition, Defendant to be immediately placed in a 90-day inpatient treatment**

**program upon his release from incarceration and then placed in a halfway house for 120 days. Defendant should also be permitted to self surrender.**

I.     **Procedural Background**

On March 12, 2010, Defendant pleaded guilty in case number 2:09-cr-88 to conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841, 846. (R. 22). On November 12, 2010, District Judge Bunning sentenced Defendant to a 76-month term of incarceration, to be imposed concurrently to his two state cases, with 5 years of supervised release to follow. (R. 39).

While at the Residential Re-Entry Center for the completion of his sentence in case number 2:09-cr-88, Defendant left the facility without permission and did not return. On August 1, 2014, Defendant was charged with escape in a criminal complaint in case number 5:14-cr-93. (R. 1). On August 28, 2014, Defendant entered a guilty plea to an Information. (R. 10). On February 13, 2015, District Judge Caldwell entered Judgment, sentencing Defendant to a 12-month term of incarceration to run consecutive to the sentence imposed in case number 2:09-cr-88, with a 3-year term of supervision to follow, which was ordered to run concurrently with the term of supervision imposed in 2:09-cr-88. (R. 20).

On February 6, 2017, Defendant was released from prison to begin his term of supervision in both cases. (R. 51 in 2:09-cr-88; R. 29 in 5:14-cr-93). On March 7, 2017, Probation Officer Carol Martin filed a Petition for Warrant for Offender under Supervision in both cases, requesting a warrant be issued to bring Defendant before the Court on charges that he violated conditions of his supervised release. (R. 44 in 2:09-cr-88; R. 23 in 5:14-cr-93). On April 4, 2017, Defendant was

arrested, and on April 5, 2017, he was brought before the undersigned for initial appearance on supervised release violations.

Defendant stands before this Court charged with violations of his conditions of supervised release in both cases. The charged violations were presented to the Court via the Probation Officer's March 7, 2017, Violation Report, and amended pursuant to the April 17, 2017, Addendum to Supervised Release Violation Report. The Addendum provided an update on the circumstances described for Violation 1, which lowered the charged violation from a Grade A to a Grade C violation. As discussed above, during the Final Revocation Hearing, counsel informed the Court that the parties had reached an agreement: Defendant was prepared to plead guilty to Violations 2 and 3 as set forth in the Report. In exchange, the Government would move to dismiss Violation 1, and the parties agreed on a recommended sentence of 15 months of incarceration in both cases to run concurrently, for a total term of imprisonment of 15 months, with 5 years of supervision to follow in case number 2:09-cr-88 and 3 years of supervision, less the term of incarceration, to follow in case number 5:14-cr-93, for a total term of supervision of 5 years.

The undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable Guidelines range. The undersigned further explained that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of the presiding District Judge as to the final sentences to be imposed. Defendant acknowledged his understanding and stated it was his desire to plead guilty to Violation 2 and Violation 3 as set forth in the March 7, 2017, Violation Report. Specifically, Defendant admitted to the following violations of supervised release and the factual circumstances set forth below:

4

> **Violation No. 2**: The defendant shall not unlawfully possess a controlled substance. (Grade C Violation).

Defendant admitted to having relapsed and using cocaine while on supervised release.

> **Violation No. 3**: The defendant shall not commit another federal, state or local crime. (Grade B Violation).

Defendant's conduct of using cocaine, as described in Violation No. 2, is the equivalent of possession and, with his prior drug conviction, constitutes conduct that violates federal law. Defendant admitted that by his conduct of possessing cocaine he has committed another federal crime, which is a violation of his supervision.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his guilty plea to the charges knowingly and voluntarily. Therefore, based on Defendant's plea of guilty to Violation 2 and 3, the undersigned finds and will recommend that the District Court find that Defendant has violated conditions of his supervised release as charged. **Defendant has waived his right to allocution, and he waived his right to appeal the sentence ultimately imposed if it is consistent with the undersigned's Report and Recommendation.** The only issue remaining is the appropriate sentence to impose for the admitted violations.

## II. Sentencing

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). The sentencing court is to consider:

1. The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5. The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009). In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* United States Sentencing Guideline (U.S.S.G.) Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a), as set forth above, must be considered.

Looking first at case number 2:09-cr-88, classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 5 years, his underlying offense in that case being a Class A felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guidelines § 7B1.4(a) suggests a revocation range of imprisonment of 21 to 27 months, based upon Defendant's criminal history category of VI and his highest supervised release violation being a Grade B violation. In addition, Defendant may also be placed back on

supervised release following any term of imprisonment imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed would be life. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(A).

Further, classification of Defendant's underlying criminal offense in case 5:14-cr-93 results in a maximum term of incarceration upon revocation of his supervised release of 24 months, his underlying offense in that case being a Class D felony. *See* 18 U.S.C. §§ 3559(a)(4); 3583(e)(3). United States Sentencing Guidelines § 7B1.4(a) suggests a revocation range of imprisonment of 21 to 27 months, based upon Defendant's criminal history category of VI and his highest supervised release violation being a Grade B violation. Because the statutory maximum term of incarceration this Court may impose is 24 months, see 18 U.S.C. § 3583(e)(3), the sentencing range is effectively 21 to 24 months. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed is 3 years, less any term of imprisonment imposed upon revocation of his supervised release. *See* 18 U.S.C. §§ 3583(b)(2), (h).

As explained above, the parties have agreed to a recommended sentence of 15 months of incarceration in both cases to run concurrent, for a total term of incarceration of 15 months, with 5 years of supervised release to follow in case 2:09-cr-88, and 21 months (3 years less the 15-month term of incarceration) of supervised release to follow in case 5:14-cr-93 to run concurrent, for a total term of supervised release of 5 years.

AUSA Bracke stated that while a 15-month sentence is a downward variance from the Guidelines range, when one considers the additional agreed-upon conditions that upon release Defendant must participate in a 90-day inpatient treatment program and then be designated to a

7

halfway house for 120 days, the total sentence effectively falls within the Guidelines range. AUSA Bracke explained that the parties crafted the sentence in this manner to essentially guarantee that Defendant will get the necessary substance abuse treatment he needs and will have the benefit of programs offered at a halfway house to aid in his transition back to society. Defendant's charged violations stem from a relapse, and the parties specifically sought a sentence to, in part, address Defendant's underlying problem. Defense counsel acknowledged the agreed-upon sentence was a fair resolution of the violations and noted that Defendant was forthcoming to his Probation Officer about his drug use. Counsel stated Defendant knows he needs treatment and has expressed a willingness to cooperate in treatment.

The Probation Officer also concurred in the recommended sentence of a total term of incarceration of 15 months with supervision to follow, including the immediate placement upon release in a 90-day inpatient treatment program followed by a 120-day period at a halfway house.

Upon consideration of the entire record, including the March 7, 2017, Violation Report, the April 17, 2017, Addendum, the sentencing materials from the underlying Judgments in both cases, the § 3553 factors imported into the § 3583(e) analysis, and the applicable policy statements, the undersigned concludes that the parties' recommended sentence of a total term of 15 months of incarceration is appropriate. While 15 months is a downward deviation from the Guidelines range, the parties negotiated a sentence that requires upon release that Defendant participate in a 90-day inpatient treatment program and a 120-day stay at a halfway house. Both parties and Probation concur in the recommended sentence, and the undersigned finds a total term of 15 months of incarceration is sufficient, but not greater than necessary, to comply with the sentencing factors the

Court is to consider under § 3553. Further, a concurrent sentence is also appropriate given the same set of circumstances underlie the violations in both cases.

In addition, the Court agrees with counsel and the Probation Officer that Defendant will benefit from further services of the U.S. Probation Office as he transitions back into the community upon his release. A total term of supervision of 5 years will provide Defendant with the structure he needs to make a successful transition. The Court strongly emphasizes the importance of Defendant fully complying with the conditions of his supervised release following his period of incarceration. Through the 90-day treatment program and the structures provided by the halfway house, Defendant will be provided tools to help him address his addiction and manage life stressors. In addition, his Probation Officer is committed to aiding Defendant in his successful transition. The Court reminds Defendant that to be successful, he needs to take advantage of the opportunities and support being provided him by the U.S. Probation Office. Further violations after having served a 15-month term of imprisonment on this violation will be a great disappointment and will be looked upon unfavorably.

In addition, Defendant has requested that the Court recommend that he be placed at a federal correctional facility for which he qualifies that is located closest to Lexington, Kentucky. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but stated it would make the recommendation on his behalf.

Lastly, the parties have agreed that Defendant should be given the benefit of self surrendering in two weeks. While Defendant will be given the benefit of self surrender, he will be electronically monitored and will remain on his current conditions of supervision until his self surrender on May 2, 2017.

**III.     Conclusion and Recommendation**

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and enters his plea of guilty to the violations knowingly and voluntarily; and the undersigned having considered the pertinent § 3553(a) factors, the advisory Guidelines and policy statements, and the presentations of counsel; **IT IS RECOMMENDED** that:

1.     The District Court grant the Government's oral motion to dismiss Violation 1 as set forth in the March 7, 2017, Violation Report as amended by the April 17, 2017, Addendum to Supervised Release Violation Report;

2.     Defendant **STEVEN D. LOWE** be found to have **violated** the terms of his supervised release as set forth in Violations 2 and 3 of the March 7, 2017, Supervised Release Violation Report;

3.     Defendant's supervised release be **revoked;**

4.     Defendant be sentenced to the custody of the Attorney General for a 15-month term of imprisonment in both cases to run concurrently, for a **total term of incarceration of 15 months with credit to be given for time served from his April 4 to April 18, 2017, detention,** with a 5-year term of supervision to follow in Case No. 2:09-cr-88, and a 21-month term of supervision in Case No. 5:14-cr-93 to run concurrently, for a **total term of supervised release of 5 years** to follow on the same standard and special conditions previously imposed, plus the additional conditions that immediately upon release from incarceration Defendant shall participate in a **90-day inpatient treatment program** as directed by the Probation Office and, upon completion of the inpatient

treatment program, shall be housed in a **halfway house for 120 days** as directed by the Probation Office;

      5.      The District Court recommend that the Bureau of Prisons place Defendant at the federal correctional facility for which he qualifies that is closest to Lexington, Kentucky, for service of the sentence imposed; and

      6.      Defendant be ordered to self surrender by reporting to the U.S. Marshal's Office located at the United States Courthouse, 101 Barr Street, Lexington, KY 40507, **before 2:00 p.m. on May 2, 2017.**

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Court Judge for consideration of the Report and Recommendation and entry of a final order and judgment, as Defendant has waived his right to allocute and both parties have waived the period for filing objections hereto.

Dated this 27th day of April, 2017.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\09-88 & 14-93 Lowe R&R.final.wpd